**En Banc Order and Dissent to En Banc Order filed December 13, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00558-CV

---

**MIKE HALL CHEVROLET, INC. D/B/A AUTONATION CHEVROLET HIGHWAY 6 F/K/A CHAMPION CHEVROLET HIGHWAY 6, AUTONATION, INC., AUTONATION ENTERPRISES, INCORPORATED, AN DEALERSHIP HOLDING COMPANY, AND AUTO HOLDING LLC F/K/A AUTO HOLDING CORPORATION, Appellants**

**V.**

**ALEXANDRA DEIKE, F/K/A ALEJANDRA VALDEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ROSA ELVIA GUERRERO, DECEASED, ARIANA DOMINGUEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF RUBEN DOMINGUEZ, DECEASED, GREGORIO ARMANDO DOMINGUEZ, EILEEN MEJIA, ANDREA ZERTUCHE, JOSE GUERRERO, EDUWIGES GUERRERO, DONALD CLARK, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF LINDA ANN HARTON CLARK, DECEASED, JENNIFER CLARK AND JOANNA CLARK, Appellees**

---

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Cause No. 388,367-401**

---

**D I S S E N T   T O   E N   B A N C   O R D E R**

Because I disagree with the en banc majority's interpretation of Texas Rule of Appellate Procedure 42.1 and the court's conclusion that our record lacks clarity as to whether a live controversy exists in this appeal, I respectfully dissent to the en banc court's order.

**A live controversy continues to exist.**

Given the filings and the record it is clear that a live controversy continues to exist with respect to the issues in this appeal. Recently, appellees Alexandra Deike, f/k/a Alejandra Valdez, individually and on behalf of the Estate of Rosa Elvia Guerrero, Deceased, Ariana Dominguez, individually and on behalf of the Estate of Ruben Dominguez, Deceased, and Gregorio Armando Dominguez (collectively the "Guerrero Plaintiffs") and appellees Eileen Mejia, Andrea Zertuche, Jose Guerrero, and Eduwiges Guerrero (collectively the "Mejia Intervenors") filed "Appellees' Joint Withdrawal of Opposition to Appellants' Motion to Compel Arbitration, Appellees' Motion to Dismiss Appeal, and Appellees' Motion to Dissolve the Stay of Trial" (the "Motion to Dismiss"). In this motion the Guerrero Plaintiffs and the Mejia Intervenors (collectively, the "Movants") declare that they withdraw their opposition to the appellants' "Second Motion to Compel Arbitration," but they do not agree to the motion. The Movants suggest that because of their withdrawal of their opposition, this court should dismiss the appeal as moot without taking any action on the trial court's order denying "Defendants' Second Amended Motion to Compel Arbitration and for Stay or Dismissal of Litigation" (the "Second Motion").

Though the Movants have advised this court that they have withdrawn their opposition to the Second Motion, the things they have not done tell the real story:

2

- They have not withdrawn their opposition to appellants' request in the Second Motion that the trial court stay the litigation pending arbitration;

- They have not agreed that the Movants' claims should be arbitrated;

- They have not agreed that the trial court should grant the Second Motion (This court has stayed only trial in the court below, and nothing has prevented the parties from filing an agreed motion in the trial court asking the trial court to compel arbitration and stay the litigation as requested by the appellants in the Second Motion);

- They have not agreed that the litigation should be stayed pending arbitration as appellants requested in the Second Motion; and

- They have not agreed that this court should reverse the trial court's order denying the Second Motion.

The trial court has not set aside or vacated its order denying the Second Motion. The Movants have not agreed that the trial court erred in denying the Second Motion. Even if the Movants had failed to oppose the Second Motion when the trial court considered and ruled on it more than a year ago, this failure to oppose the motion would not have required the trial court to grant the Second Motion, nor mandated the conclusion that the trial court erred in denying the motion.[1]

In their last filing in this court on November 20, 2018, the appellants asserted that this appeal is not moot and asked the en banc court to dispose of the merits of this appeal. Despite the Movants' recent withdrawal of opposition to the Second Motion, an actual controversy exists as to whether (1) the trial court erred in denying the Second Motion, (2) the Movants should be compelled to arbitrate their claims

---

[1] *See Mehanna v. Int'l Gourmet Foods, Inc.*, No. 05–11–01548–CV, 2013 WL 1838600, at *2 (Tex. App.—Dallas Mar. 26, 2013, no pet.) (concluding that the trial court did not err in denying plaintiff's unopposed motion) (mem. op.).

against the appellants, and (3) the claims pending in the trial court should be stayed or dismissed.

There is no indication in the record that the parties have agreed to the terms mentioned in today's en banc order.[2] And, there is no need to ask the parties whether they agree to the terms in the en banc order because the disposition the majority describes would not moot this appeal.

**Even if the parties agreed to the matters mentioned in the en banc order, this court could not reverse the trial court's order without first finding error in it.**

Even if the parties were to file with this court a Rule 42.1(a)(2) agreement as to the terms stated in the en banc order, this court still would have to address the merits of the pending appeal before we could reverse the trial court's order based on the agreement.[3] The Notes and Comments to Rule 42.1 expressly state that the rule "does not permit an appellate court to order a new trial merely on the agreement of the parties **absent reversible error**, or to vacate a trial court's judgment **absent reversible error** or a settlement."[4] The parties have not settled. In this context, Rule 42.1 and courts adhering to it demand that the appellate court find reversible error in the trial court's order before the appellate court may reverse a trial court's order based on the agreement of the parties on appeal.[5] Thus, even if the parties

---

[2] In its order, the en banc court asks the parties to indicate "whether they agree pursuant to Texas Rule of Appellate Procedure 42.1 to a disposition on appeal by which this court (1) reverses the trial court's order denying the Second Motion to Compel Arbitration and for Stay or Dismissal of Litigation; (2) orders the panel's June 12, 2018 Opinion withdrawn and judgment vacated; (3) remands this case to the trial court for further proceedings consistent with the unopposed Defendants' Second Amended Motion to Compel Arbitration and for Stay or Dismissal of Litigation; and (4) dissolves the October 12, 2018 stay issued by this court of a trial in Cause No. 388,367-401 in Probate Court No. 2, Harris County, Texas."

[3] *See* Tex. R. App. P. 42.1(a)(2) & Notes and Comments.

[4] (emphasis added).

[5] Tex. R. App. P. 42.1(a)(2) & Notes and Comments; *see, e.g., In re K.E.*, No. 07-13-00082-CV,

4

were to agree to the terms in the en banc order, this court still would have to address the merits of this appeal before the en banc court could reverse the trial court's order.[6]

/s/    Kem Thompson Frost
Chief Justice

En Banc Court consists of Chief Justice Frost and Justices Boyce, Christopher, Jamison, Busby, Donovan, Brown, Wise, and Jewell. (Frost, C.J., dissenting).

Publish

---

2013 WL 3090795, at *2 (Tex. App.—Amarillo June 11, 2013, no pet.) (mem. op., per curiam).

[6] *See* Tex. R. App. P. 42.1(a)(2) & Notes and Comments; *In re K.E.*, 2013 WL 3090795, at *2.